IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Tyrone Thompson, Jr., | : | |
| Petitioner | : | Civil Action 2:10-cv-00223 |
| v. | : | Judge Smith |
| Michael Sheets, Warden | : | Magistrate Judge Abel |
| Respondent | : | |

## Order Denying Motion to Stay

Petitioner Tyrone Thompson, Jr. brings this action under 28 U.S.C. § 2254 challenging his Franklin County, Ohio Common Pleas Court convictions for one count of aggravated burglary, one count of felonious assault, one count of improperly discharging a firearm at or into a habitation, and one count of having weapon while under disability. This matter is before the Magistrate Judge on petitioner Thompson's March 15, 2010 motion to stay and hold in abeyance decision on his habeas corpus petition (doc. 4).

Thompson's habeas corpus petition alleges two grounds for relief:

**GROUND ONE:** Petitioner's Conviction For Felonious Assault Was Insufficient To Convict Him.

**GROUND TWO**: The Trial Court Denied Petitioner Due Process When The Court Failed To Acquit Him Of Felonious Assault.

He presented these claims to the Ohio Court of Appeals for the Tenth District on direct appeal, but failed to file a timely motion for leave to appeal the Court of Appeal's

September 9, 2008 decision affirming his convictions. On June 2, 2009, Thompson, *pro se*, filed a motion for delayed appeal in the Ohio Supreme Court. On July 29, 2009, the court denied Thompson's motion for a delayed appeal and dismissed his case.

Petitioner asks the Court to stay this habeas corpus action while he litigates a state court habeas corpus in the Ohio Court of Appeals for the Fourth Appellate District. The motion does not say what claim(s) petitioner has presented to that court.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") advances the states' significant interest in the finality of criminal convictions.  Stays undermine finality and the  AEDPA's provisions that encourage prisoners to timely present all of their federal claims to the state court at the earliest opportunity.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Stays should be used sparingly.  They should not be granted when the unexhausted grounds are plainly meritless. 544 U.S. at 278.   Further, before a court can stay a habeas corpus action, the petitioner must demonstrate good cause for having failed to exhaust his state court remedies.  *Id.*  Nonetheless,

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Id.*; *see also Griffin v. Rogers,* 399 F.3d 626, 632-33 (6th Cir. 2005)(citations omitted); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  A stay must be time limited, and the petitioner has the obligation to promptly present his unexhausted claims to the state

courts and to promptly return to federal court once he has exhausted his state court remedies. 544 U.S. at 278; *Palmer v. Carlton,* 276 F.3d at 781.

Here petitioner has not demonstrated grounds for a stay. The claims he alleges in his federal habeas corpus petition are claims that had to be raised in the Ohio courts on direct appeal. They are not claims that can be raised in an Ohio habeas corpus action. A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F. 2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F. 2d 134, 140 (6th Cir. 1970).

Under Ohio law, claims must be raised at the first available opportunity. *State v. Roberts*, 1 Ohio St. 3d 36, 38-39 (1982). All claims that were raised at trial or which could have been raised at trial must be presented on direct appeal. The Ohio court decision on direct appeal is *res judicata* and procedurally bars the claims not presented on direct appeal from any further consideration by the Ohio courts. *State v. Perry*, 10 Ohio St. 2d 175 (1967)(Syllabus 7 and 9); *State v. Lentz*, 70 Ohio St. 3d 527, 529 (1994); *State v. Roberts*, 1 Ohio St. 3d at 38-39; *State v. Juliano*, 24 Ohio St. 2d 117, 120 (1970); *State v. Duling*, 21 Ohio St. 2d 13 (1970)(Syllabus 2); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th 1994); *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985).

Because Ohio law required petitioner Thompson to raise the claims he attempts

to present here on direct appeal, he has no other available Ohio court remedies for those claims. His failure to raise the claims in a timely motion for leave to appeal to the Supreme Court of Ohio, bars him from seeking review of those claims in federal habeas corpus. *Bonilla v. Hurley,* 370 F.3d 494, 496-97 (6th Cir. 2004).

The Ohio remedy of habeas corpus action under Ohio Revised Code §2725.06 is available only to prisoners entitled to immediate release from prison. *State ex rel. Adkins v. Ohio Adult Parole Authority,* 82 Ohio St.3d 171, 172 (1998); *State ex rel. Finfrock v. Ohio Adult Parole Authority,* 80 Ohio St.3d 639, 640 (1998). It is not available to challenge trial court errors that are reviewed on direct appeal.

Accordingly, petitioner Thompson's March 15, 2010 motion to stay and hold in abeyance decision on his habeas corpus petition (doc. 4) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge
