**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TYRONE THOMPSON,**

    **Petitioner,**                 **CASE NO. 2:10-CV-223
                                               JUDGE SMITH**
**v.**                                         **MAGISTRATE JUDGE ABEL**

**WARDEN, ROSS CORRECTIONAL
INSTITUTION,**

    **Respondent.**

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the instant petition, Respondent's return of writ, Petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's request for a stay, Doc. 15, is **DENIED.**

**FACTS and PROCEDURAL HISTORY**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On the morning of January 5, 2006, Patrick Balling was asleep in his house located at 287 South Harris Avenue in Columbus, Ohio. Also in the house that morning were Balling's two children, his girlfriend, his uncle, Larry Burns, and his wife. At 2:00 a.m., a loud noise awoke Balling. He ran downstairs and saw an unknown man inside his house. The man turned toward Balling and pointed a gun at him. The two began to struggle. Balling was able to force the man out of his house and to close the front door. The man attempted to push through the door but failed. Balling then heard gunshots coming through the front window. The gunshots continued down the side of his house.
>
> Balling grabbed his own gun and ran to the back of the house to find the man. He did not see anyone. He then ran out to the front of the

house, where neighbors told him the man ran down the side of the house. Balling ran down the side of the house again but did not see the man. He heard tires squealing away, so he went back inside the house and called the police at approximately 2:14 a.m. Once inside the house, Balling discovered that his uncle had been shot in the knee.

At 2:05 a.m., Columbus Police Officer Linda Gibson responded to a shots-fired call from a home at 234 South Warren Avenue. The homes on South Warren back up to the back of the homes on South Harris. As Officer Gibson drove west on Sullivant Avenue to the home, she observed an erratic driver eastbound on Sullivant Avenue a short distance from the shooting scene. She decided to follow the driver. After a short chase, the driver lost control of the car and hit a tree, coming to rest against an electrical pole. This occurred at approximately 2:08 or 2:09 a.m. A handgun was found on the ground next to the car outside of the open passenger window. Officer Gibson found appellant in the car, bleeding and almost unconscious.

A description of the individual who had been involved in the shooting at Balling's home was aired over the police radio. Officer Gibson and her sergeant asked for Balling to be brought to the scene of the crash because they thought the driver of the car matched that description. Balling was brought to the scene and identified appellant as the man who broke into his house and fired shots into his house. Appellant was taken to the hospital for treatment and then arrested.

As a result of these events, a Franklin County grand jury indicted appellant with one count of aggravated burglary in violation of R.C. 2911.11, one count of felonious assault of Larry Burns in violation of R.C. 2903.11, one count of improperly discharging a firearm at or into a habitation in violation of R.C. 2923.161. Each of these counts contained a firearm specification pursuant to R.C. 2941.145. Appellant was also charged with one count of having a weapon while under disability in violation of R.C. 2923.13. Appellant entered a not guilty plea and proceeded to a jury trial. The jury found appellant guilty of each count and the attendant specifications. The trial court also found appellant guilty of the weapon under disability count. The trial court sentenced appellant accordingly.

. . .

Balling identified appellant as the man who broke into his house and pointed a gun at him. Balling struggled face to face with the man and

> forced him out of the house. Shortly after, multiple shots were fired into Balling's house. Balling testified that afte he attempted to find the man who shot into the house, he went back inside his house and discovered that Burns had been shot in the knee. Balling called 911 and told them that Burns had been shot in the knee. Columbus Police Officer Jason Garner responded to the home at South Harris and observed an apparent gunshot wound to Burns' left knee. The officer also obtained medical attention for Burns' gunshot wound. Finally, Mark Hardy, a Columbus Police Department criminalist, testified that the spent bullet casing found outside Balling's home were fired by the gun discovered next to appellant's car. This testimony is sufficient for a reasonable trier of fact to conclude that a gunshot fired by appellant hit Burns and caused him physical harm.

*State v. Thompson,* 2008 WL 451594, at *1-2 (Ohio App 10th Dist. Sept. 9, 2008). Petitioner filed a timely appeal in which he raised the following assignments of error:

> [1.] THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST APPELLANT ON THE CHARGE OF FELONIOUS ASSAULT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN SUCH A CONVICTION AND THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THE STATE FAILED TO ESTABLISH THE ESSENTIAL ELEMENTS OF THE CRIME.
>
> [2.] THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER OHIO RULE OF CRIMINAL PROCEDURE 29 ON THE CHARGE OF FELONIOUS ASSAULT WHERE THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN SUCH A CONVICTION.
>
> [3.] THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST APPELLANT ON ALL CHARGES BECAUSE THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

*Id.* at *2. On September 9, 2008, the appellate court affirmed the trial court's judgment. *Id.* Petitioner did not file a timely appeal to the Ohio Supreme Court. On June 2, 2009, he filed a motion for delayed appeal. *Exhibit 10 to Return of Writ.* On July 29, 2009, the Ohio Supreme Court

3

denied Petitioner's motion for delayed appeal. *State v. Thompson*, 122 Ohio St.3d 1475 (2009).

On March 15, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner's conviction for felonious assault was insufficient to convict him.
>
> 2. The trial court denied Petitioner due process when the court failed to acquit him of felonious assault.

It is the position of the Respondent that Petitioner's claims are procedurally defaulted.

## MOTION FOR A STAY

Petitioner has filed a motion to hold proceedings in abeyance so that he may exhaust state court remedies on his claim of actual innocence by pursuing post conviction relief. Doc. 15. Petitioner indicates that he has obtained cellular phone records from his trial attorney and affidavits from witnesses who were not available or not located by defense counsel which would establish his actual innocence of the charges against him. *See id.* Petitioner has failed to attach any of these documents to his motion for a stay, however, and he does not indicate whether, to date, he has filed a delayed petition for post conviction relief.

As discussed in this Court's prior Order denying Petitioner's request for a stay (Doc 10), the United States Supreme Court has held that stays in habeas corpus proceedings should be used sparingly, and are not to be granted where unexhausted claims are plainly meritless and Petitioner has failed to establish good cause for failing to exhaust state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner cannot meet this standard here.

Ohio strictly construes the time-limitations for obtaining post conviction relief:

>(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
>
>(1) Either of the following applies:
>
>(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
>
>(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
>(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]

O.R.C. § 2953.23. It does not appear that Petitioner can meet this standard here.

In *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir.2005), the United States Court of Appeals for the Fifth Circuit held that claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising his unexhausted claims in the state courts. Such appear to be the circumstances here. Further, Petitioner has offered no evidence to support his claim. Moreover, Petitioner's habeas corpus petition has been pending since March 15, 2010, and it does not appear that he has yet to pursue a petition for post conviction relief.

Petitioner's request for a stay, Doc. 15, is **DENIED**.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) ( *per curiam* ); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a Court must undertake a four-part analysis when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, the Court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court determines that the petitioner failed to comply with an adequate and independent state procedural rule, then the petitioner must demonstrate good cause for his failure to follow the procedural rule as well as actual prejudice from

the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

In claims one and two, Petitioner asserts that the evidence was constitutionally insufficient to sustain his conviction on felonious assault and that he was denied due process because the trial court refused to grant his motion for judgment of acquittal. These claims, being readily apparent from the face of the record, were properly raised on direct appeal. However, Petitioner failed to file a timely appeal of the appellate court's decision, and the Ohio Supreme Court denied his motion for delayed appeal. The United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's denial of a motion for delayed appeal under these circumstances constitutes a procedural default of the claims raised therein. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th cir. 2004). This Court therefore reaches this same conclusion here.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to be such a case.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's request for a stay, Doc. 15, is **DENIED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

s/Mark R. Abel
United States Magistrate Judge